United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-17892-ref
John G Wadsworth                                                          Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-4          User: Lisa          Page 1 of 2          Date Rcvd: Jan 10, 2018
                             Form ID: 309I        Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 12, 2018.
db          +John G Wadsworth,   526 Hallman Road,   Douglassville, PA 19518-9330
tr          +FREDERICK L. REIGLE,   Chapter 13 Trustee,   2901 St. Lawrence Avenue,   P.O. Box 4010,
             Reading, PA 19606-0410
smg         +Bureau of Audit and Enforcement,   City of Allentown,   435 Hamilton Street,
             Allentown, PA 18101-1603
smg          City Treasurer,   Eighth and Washington Streets,   Reading, PA  19601
smg         +Lehigh County Tax Claim Bureau,   17 South Seventh Street,   Allentown, PA 18101-2401
smg         +Tax Claim Bureau,   633 Court Street,   Second Floor,   Reading, PA 19601-4300
14017711    +MGTLQ Investors, LP,   75 Beattie Place # 300,   Greenville, SC 29601-2138
14017716     Yong S. Shin MS and Associates,   1360 E. High Street, Building 4,   Pottstown, PA 19464

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty          E-mail/Text: bill@billcallahanlaw.com Jan 11 2018 02:14:38      WILLIAM B. CALLAHAN,
             Law Offices of William B. Callahan,   1800 East High Street,   Suite 150,
             Pottstown, PA  19464
smg         +E-mail/Text: robertsl2@dnb.com Jan 11 2018 02:15:06      Dun & Bradstreet, INC,
             3501 Corporate Pkwy,   P.O. Box 520,   Centre Valley, PA 18034-0520
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jan 11 2018 02:14:49
             Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
             Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jan 11 2018 02:15:10      U.S. Attorney Office,
             c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
ust         +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Jan 11 2018 02:15:02      United States Trustee,
             Office of the U.S. Trustee,   833 Chestnut Street,   Suite 500,   Philadelphia, PA 19107-4405
14017715    +EDI: AIS.COM Jan 11 2018 02:03:00      American Infosource, LP,   5847 San Felipe, Suite 1200,
             Houston, TX 77057-3167
14017712     E-mail/Text: bankruptcy@bbandt.com Jan 11 2018 02:14:43      BB&T,   PO Box 1847,
             Wilson, NC 27894
14017714    +EDI: IRS.COM Jan 11 2018 02:03:00      Internal Revenue Service,   PO Box 7346,
             Philadelphia, PA 19101-7346
14017717    +E-mail/Text: csc.bankruptcy@amwater.com Jan 11 2018 02:15:28      Pennsylvania American Water,
             PO Box 578,   Alton, IL 62002-0578
14017713    +E-mail/Text: jennifer.chacon@spservicing.com Jan 11 2018 02:15:31
             Select Portfolio Servicing,   PO Box 65250,   Salt Lake City, UT 84165-0250
                                                                          TOTAL: 10

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*        +FREDERICK L. REIGLE,   Chapter 13 Trustee,   2901 St. Lawrence Ave.,   P.O. Box 4010,
             Reading, PA 19606-0410
                                                                          TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 12, 2018                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 10, 2018 at the address(es) listed below:
            CELINE P. DERKRIKORIAN   on behalf of Creditor   BB&T Mortgage ecfmail@mwc-law.com
            CELINE P. DERKRIKORIAN   on behalf of Creditor   Branch Banking And Trust Company
             ecfmail@mwc-law.com
            FREDERICK L. REIGLE   ecfmail@fredreiglech13.com,  ecf_frpa@trustee13.com
            FREDERICK L. REIGLE   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
             ecf_frpa@trustee13.com
            MATTEO SAMUEL WEINER   on behalf of Creditor   MTGLQ INVESTORS, L.P. bkgroup@kmllawgroup.com
            MATTHEW CHRISTIAN WALDT   on behalf of Creditor   Select Portfolio Servicing, Inc.
             mwaldt@milsteadlaw.com,  bkecf@milsteadlaw.com

```
District/off: 0313-4          User: Lisa              Page 2 of 2              Date Rcvd: Jan 10, 2018
                              Form ID: 309I           Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
```
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM B. CALLAHAN    on behalf of Debtor John G Wadsworth bill@billcallahanlaw.com
                                                                      TOTAL: 8
```

Case 17-17892-ref   Doc 18   Filed 01/12/18   Entered 01/13/18 01:00:22   Desc Imaged
Certificate of Notice   Page 2 of 4

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **John G Wadsworth** | | Social Security number or ITIN | **xxx–xx–3092** |
| | First Name    Middle Name    Last Name | | EIN   _ _–_ _ _ _ _ _ _ | |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | | Social Security number or ITIN   _ _ _ _ | |
| | | | EIN   _ _–_ _ _ _ _ _ _ | |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | Date case filed for chapter  **13**  **11/21/17** | |
| Case number:   **17–17892–ref** | | | | |

Official Form 309I

# Notice of Chapter 13 Bankruptcy Case

**12/17**

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| **1.** | **Debtor's full name** | John G Wadsworth | |
| **2.** | **All other names used in the last 8 years** | | |
| **3.** | **Address** | 526 Hallman Road Douglassville, PA 19518 | |
| **4.** | **Debtor's attorney** Name and address | WILLIAM B. CALLAHAN Law Offices of William B. Callahan 1800 East High Street Suite 150 Pottstown, PA 19464 | Contact phone 484 680 0552 Email:  bill@billcallahanlaw.com |
| **5.** | **Bankruptcy trustee** Name and address | FREDERICK L. REIGLE Chapter 13 Trustee 2901 St. Lawrence Avenue P.O. Box 4010 Reading, PA 19606 | Contact phone 610–779–1313 Email:  ecfmail@fredreiglech13.com |
| **6.** | **Bankruptcy clerk's office** Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at  www.pacer.gov. | 400 Washington Street Suite 300 Reading, PA 19601 | Office Hours:  Philadelphia Office –– 8:30 A.M. to 5:00 P.M Reading Office –– 8:00 A.M. to 4:30 P.M. Contact phone (610)2085040 Date: 1/10/18 |

**For more information, see page 2**

Debtor  **John G Wadsworth**                                                                                            Case number **17–17892–ref**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **February 6, 2018 at 01:30 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Location:**<br>**2901 St. Lawrence Ave, Reading, PA 19606** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 4/7/18** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 5/7/18** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 5/20/18** |
| | **Deadlines for filing proof of claim:**<br> A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:**  30 days after the *conclusion* of the meeting of creditors |
| **9.  Filing of plan** | The debtor has filed a plan. This plan proposes payment to the trustee of $500.00 per month for 60 months. **The hearing on confirmation will be held on: 3/15/18 at 9:00 AM Location:Courtroom 1, Third Floor, The Madison, 400 Washington Street, Reading PA 19601** | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. | |