United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-17892-pmm
John G Wadsworth                                                          Chapter 13
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4    User: DonnaR              Page 1 of 2              Date Rcvd: Apr 23, 2020
                       Form ID: 3180W            Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 25, 2020.
```
db            +John G Wadsworth,    526 Hallman Road,    Douglassville, PA 19518-9330
smg           +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
                Allentown, PA 18101-1603
smg            City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg           +Dun & Bradstreet, INC,    3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg           +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg           +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
14065935       Berks County Tax Claim Bureau,    633 Court St 2nd Fl Svc Ctr,    Reading Pa 19601
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Apr 24 2020 03:54:19     U.S. Attorney Office,
                c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14017712       E-mail/Text: bankruptcy@bbandt.com Apr 24 2020 03:53:54      BB&T,    PO Box 1847,
                Wilson, NC 27894
14017714      +EDI: IRS.COM Apr 24 2020 07:38:00      Internal Revenue Service,    PO Box 7346,
                Philadelphia, PA 19101-7346
14017717      +E-mail/Text: csc.bankruptcy@amwater.com Apr 24 2020 03:54:31      Pennsylvania American Water,
                PO Box 578,    Alton, IL 62002-0578
14041856       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Apr 24 2020 03:54:02
                Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                Harrisburg, Pa.  17128-0946
14489583      +E-mail/Text: bknotices@snsc.com Apr 24 2020 03:54:30
                U.S. Bank Trust National Association as,    Trustee of the Tiki Series III Trust,
                c/o SN SERVICING CORP.,    323 5th street,    Eureka, CA 95501-0305
14103387       E-mail/Text: jennifer.chacon@spservicing.com Apr 24 2020 03:54:33
                Wells Fargo Bank, N.A., as Trustee,    c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,
                Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
smg*           Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                Harrisburg, PA  17128-0946
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 25, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 23, 2020 at the address(es) listed below:
```
              CELINE P. DERKRIKORIAN    on behalf of Creditor    BB&T Mortgage ecfmail@mwc-law.com
              CELINE P. DERKRIKORIAN    on behalf of Creditor    Branch Banking And Trust Company
               ecfmail@mwc-law.com
              CHRISTOS A. KATSAOUNIS    on behalf of Creditor    Commonwealth of Pennsylvania, Department of
               Revenue RA-occbankruptcy5@state.pa.us, RA-occbankruptcy6@state.pa.us
              FRANCIS THOMAS TARLECKI    on behalf of Creditor    BB&T Mortgage ecfmail@ecf.courtdrive.com,
               ecfmail@mwc-law.com
              FREDERICK L. REIGLE    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              JASON BRETT SCHWARTZ    on behalf of Creditor    U.S. Bank Trust National Association as Trustee of
               Chalet Series III Trust jschwartz@mesterschwartz.com
              KEVIN G. MCDONALD    on behalf of Creditor    MTGLQ INVESTORS, L.P. bkgroup@kmllawgroup.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    MTGLQ INVESTORS, L.P. bkgroup@kmllawgroup.com
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Select Portfolio Servicing, Inc. as servicing
               agent for Wells Fargo Bank, N.A., as Trustee mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com
```

```
District/off: 0313-4           User: DonnaR                  Page 2 of 2                  Date Rcvd: Apr 23, 2020
                               Form ID: 3180W                Total Noticed: 14
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
```
              MATTHEW CHRISTIAN WALDT    on behalf of Creditor    Select Portfolio Servicing, Inc.
               mwaldt@milsteadlaw.com,  bkecf@milsteadlaw.com
              RAYMOND M. KEMPINSKI    on behalf of Creditor    BB&T Mortgage raykemp1006@gmail.com,
               raykemp1006@gmail.com
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank Trust National Association as Trustee of
               the Tiki Series III Trust bkgroup@kmllawgroup.com
              ROLANDO   RAMOS-CARDONA    on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com
              SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM B. CALLAHAN    on behalf of Debtor John G Wadsworth bill@billcallahanlaw.com
                                                                                             TOTAL: 16
```

| **Information to identify the case:** | |
|---|---|
| Debtor 1 **John G Wadsworth** | Social Security number or ITIN  **xxx–xx–3092** |
| First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Social Security number or ITIN  _ _ _ _ |
| First Name    Middle Name    Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | |
| Case number:  **17–17892–pmm** | |

# Order of Discharge                                                                                                                  12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

John G Wadsworth

4/23/20                                                                                    **By the court:**        Patricia M. Mayer
                                                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                                **Chapter 13 Discharge**                                                page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**